IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH H. RICHARDSON, 17661,      ) | |
|         Plaintiff,      ) | |
| ) | |
| v.      ) | No. 3:10-CV-683-P |
| ) | |
| JUDGE ANDREW BENCH and OFFICER      ) | |
| STEPHEN BROWLOW,      ) | |
|         Defendants.      ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS:**

**Parties:**

Plaintiff is confined in the Hunt County Jail. He filed this action pursuant to 42 U.S.C. § 1983. Defendants are Judge Andrew Bench and Officer Stephen Browlow. The court has not issued process in this case, pending preliminary screening.

**Statement of Case**

Plaintiff states Officer Browlow unlawfully arrested him for driving while intoxicated, when he was actually only sleeping in his car. He states Judge Bench unlawfully sentenced him to 180 days in jail, when Plaintiff's attorney told him he would receive only a 60 day sentence.

**Screening**

The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus,

1

subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions); 42 U.S.C. § 1997e(c)(1) (applicable to prison condition cases).

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c)(1) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**Discussion**

**A.     Previous Case**s

Plaintiff previously filed two § 1983 complaints involving the same facts that he alleges in this case. *See, Richardson v. Hunt County, et al.*, No. 3:09-CV-2342-K (N.D. Tex. filed Dec. 8, 2009) and *Richardson v. Hunt County, et al.*, No. 3:10-CV-222-P, (N.D. Tex., filed Feb. 4, 2010). In the first case, Plaintiff alleged that Officer Browlow unlawfully arrested him for DWI when he was only sleeping in his car. On April 10, 2010, the Court dismissed the complaint as frivolous. In the second case, Plaintiff alleged that Judge Bench sentenced him to 180 days in jail when he was supposed to be sentenced to 60 days in jail. He also alleged that Officer Browlow arrested him for DWI when he was only sleeping in his car. On May 10, 2010, the

court dismissed the claims against Judge Bench based on judicial immunity and dismissed the claims against Officer Browlow as duplicative of the claims alleged in the first filed case.

**B.      Res Judicata**

Plaintiff's claims are barred by the doctrine of res judicata. Under res judicata, a prior judgment bars a subsequent action where: (1) the parties are identical in both suits; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same cause of action was involved in both cases. *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983). Further, the doctrine of res judicata "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication." *Id*. at 561 (citing *Allen v. McCurry*, 449 U.S. 90 (1980)).

Here, the parties are identical – Plaintiff sued Judge Bench and Officer Browlow in both cases. The prior judgments were rendered by the United States District Court for the Northern District of Texas, which is a court of competent jurisdiction. The prior cases involved a final decision on the merits. Finally, both the prior cases and this complaint involve the same cause of action. In determining whether two cases involve the same cause of action, the Fifth Circuit has stated: "the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts." *Agrilectric Power Partners, Ltd., v. General Electric Co.*, 20 F.3d 663, 665 (5th Cir. 1994). In both cases Plaintiff argues Officer Browlow unlawfully arrested him and Judge Bench unlawfully sentenced him to 180 days in jail. Plaintiff's claims are therefore barred by res judicata and should be dismissed.

**RECOMMENDATION:**

The Court recommends that the complaint be dismissed with prejudice.

Signed this 9th day of June, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).